LEMMON, Judge,
concurring.
Prior to January 8, 1969, both Louis and Clarence Doescher had the right to withdraw funds from the joint account. Our decision holds that Clarence did not make a valid withdrawal on that date. Louis, therefore, still has the contractual right to demand the funds from the homestead, and I would render a money judgment in his favor.[1]
The homestead cannot resist Louis’ demand by asserting Clarence’s ownership of the funds; this simply is not a defense available to the party. Furthermore, no party has appeared in this litigation as Clarence’s succession representative or as his heir. Any question about the ownership of the funds as between Louis and Clarence is therefore not before us.

. In oral argument Louis contended he was entitled to damage because the homestead foreclosed on his home mortgage after he, by filing this suit, had demanded the funds in the joint account. No damages were demanded in the pleadings (except non-specified “exemplary” damages). Moreover, the pleadings did not mention the foreclosure, although evidence of that suit was stipulated subject to the homestead’s objection.
On this record the issue argued simply is not before us for review.